UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ELizabeth L. GASKINS, ) | |
| ) | |
| Plaintiff *Pro Se*, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-4081 |
| ) | |
| THE CITY OF ROCK ISLAND, ILLINOIS, ) | |
| OFFICER SISLER, J.M. HICKS, D.R. PERRY, ) | |
| D.J. DET. LEO HOOGERWERF, R.I.C.O. ) | |
| POLICE DEPARTMENT, TRINITY WEST ) | |
| MEDICAL CENTER EMPLOYEES, ) | |
| OFFICER RAYMOND GOOSSENS, ) | |
| OFFICER TODD WHITING, DR. KEITH ) | |
| BUTVILAS, STEPHANIE SUTTON, R.N., ) | |
| AND *ET AL* UNKNOWN NAMED LOCAL ) | |
| CITY AND STATE EMPLOYEES AND ) | |
| GOVERNMENT OFFICIALS ) | |
| INDIVIDUALLY WHILE ACTING IN THEIR ) | |
| OFFICIAL CAPACITY EMPLOYED FOR ) | |
| CITY OF ROCK ISLAND, STATE OF ) | |
| ILLINOIS, ) | |
| | |
| Defendants. | |

ORDER

Before the Court is the Rock Island Defendants' Motion to Dismiss [#16], the Trinity Defendants' Motion to Dismiss [#22], and the Trinity Defendants' Motion for Partial Summary Judgment [#26]. For the reasons set forth below, the Rock Island Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART, the Trinity Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART, and the Trinity Defendants' Motion for Partial Summary Judgment is GRANTED.

1

## JURISDICTION

This Court has jurisdiction over Plaintiff's § 1983 and § 1985 claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND

Although Plaintiff's complaint is somewhat difficult to understand, it appears that Plaintiff's claims arise from an incident at the Trinity West Medical Center in Rock Island, Illinois. The complaint alleges that on May 22, 2004, Plaintiff Elizabeth Gaskins ("Gaskins") transported her fiancé, Frank Alvarado, to Trinity West Medical Center for psychiatric treatment. Sometime after entering the facility, Gaskins became uncomfortable with her surroundings. While attempting to exit the building, Gaskins was confronted by Raymond Goossens ("Goossens"), a security guard employed by Trinity. Gaskins claims that Goossens informed her that he was a Henry County Sheriff's Deputy. An altercation ensued, during which Gaskins claims she was knocked to the floor and then forcibly restrained by Goosens and Dr. Keith Butvilas ("Butvilas"), a doctor at Trinity. Gaskins was detained until the arrival of the Rock Island Police Department. She was then placed under arrest and taken to jail. Gaskins claims she was "held without bond" for three days and not permitted to speak to a lawyer. She alleges that she was arrested because Goossens and Butvilas falsely stated to the Rock Island Police that Gaskins had attacked them.

Gaskins brings this lawsuit against two sets of defendants. The first group (the "Trinity Defendants") consists of employees of Trinity Medical Center including Goossens, Todd Whiting (security guard), Dr. Butvilas, and Stephanie Sutton (nurse). The second group (the

"Rock Island Defendants") consists of individual officers of the Rock Island Police Department (Sisler, Hicks, Perry, and Hoogerwerf), the Rock Island Police Department, the City of Rock Island, and "unknown employees acting in their official capacity for the City of Rock Island."

Gaskins brings suit under 42 U.S.C. § 1983, alleging due process violations, false arrest, equal protection violations, and state law claims of defamation and intentional infliction of emotional distress against both sets of Defendants. Gaskins also brings a claim against the Rock Island Defendants under 42 U.S.C. § 1985 for conspiracy to deprive her of equal protection of the laws. In addition Gaskins brings a state law claim of medical negligence against the Trinity Defendants.

## DISCUSSION

**A. Motions to Dismiss**

In response to Gaskins's complaint, both the Trinity Defendants and Rock Island Defendants have filed separate motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Gaskins's complaint for failure to state claim for which relief can be granted. Both sets of Defendants argue that Gaskins has failed to sufficiently plead her claims. Additionally, the Trinity Defendants filed a motion for summary judgment on Gaskins's § 1983 claim, arguing that they are not liable under § 1983 because they are not state actors.

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

This rule has particular force when considering the allegations of a pro se complaint, which are held  "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Accordingly, pro se complaints are to be liberally construed. Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir.1988).  However, while it is often said that a claim may be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." Kyle v. Morten High School, 144 F.3d 448, 455 (7th Cir.1998) (quoting Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir.1984)).  All plaintiffs, whether *pro se* or not, must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. Chowla v. Klapper, 743 F.Supp. 1284, 1285 (N.D.Ill.1990).

**1. Motion to Dismiss #16**

The Rock Island Defendants argue that Gaskins has failed to sufficiently plead any of her

claims. Specifically, they assert that Gaskins does not provide the necessary factual allegations that would support relief under § 1983 and § 1985, or under the legal standards for Defamation and Intentional Infliction of Emotional Distress.

a. Claims Arising Under 42 U.S.C. § 1983

Section 1983 imposes liability where a defendant acts under color of state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must allege (1) that the defendant has deprived her of a federal right and; (2) that the defendant acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In reviewing the complaint on a motion to dismiss, the plaintiff is only required to set forth these elements in a short plain statement showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2); Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

Gaskins first asserts a Due Process violation against the Rock Island Defendants. The Rock Island Defendants were acting in their capacity as state actors and therefore the only issue is whether Gaskins has adequately pled a deprivation of a federal right. In order to establish that her Due Process rights were violated, a plaintiff must demonstrate (1) that the interest lost was a protected right under the Fourteenth Amendment; (2) that the loss amounted to a deprivation of that right, and; (3) that the deprivation was without due process of law. Polenz v. Parrott, 883 F.2d 551, 555 (7th Cir. 1989).

Here, Gaskins alleges she was held in jail without bond for three days and not permitted to talk to a lawyer. With respect to her detention in the Rock Island Jail, it is not clear what conditions or terms Gaskins was held under. Without more facts, it cannot be determined what

specific due process rights may have been violated. In addition, Gaskins has not specified when she asked for the presence of counsel, whom she asked, whether her request was actually denied, and who denied her request. Furthermore, Gaskins does not identify for what criminal act she was arrested and prosecuted. Given the dearth of facts, it cannot be determined at this point whether Gaskins suffered a constitutional deprivation of her rights under the Fourteenth Amendment. Accordingly, Gaskins has 14 days to amend her complaint to include more factual allegations with respect to (1) her detention at the Rock Island jail, and; (2) the situation surrounding her request for counsel. If Gaskins fails to amend her claim to include these details, then this claim will be dismissed.

Gaskins also brings a Fourth Amendment claim against the Rock Island Defendants for false arrest. The Fourth Amendment prohibits arrests without probable cause. Jones by Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995). A police officer has probable cause to make an arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 473 (7th Cir. 1997).

Gaskins alleges that the Trinity Defendants lied to the Rock Island Defendants by saying that Gaskins attacked them and that the Rock Island Defendants never questioned her about what happened. Accordingly, Gaskins alleges that her arrest was without probable cause. Under these facts, however, there is no lack of probable cause, and hence no constitutional violation. Probable cause exists when the police officer has reasonably trustworthy information indicating that the suspect has committed a crime. Lanigan, 110 F.3d at 473. The Rock Island Defendants

took statements from the Trinity Defendants–a doctor, nurse, and two security guards–before arresting Gaskins. Even if the Trinity Defendants' statements were false, there was still probable cause absent any other facts. Gaskins does assert that the Rock Island Defendants did not question her before arresting her, but this is not a legal requirement. Again, all the officer needs is reasonably sufficient information to make the arrest. Id. Gaskins has not alleged that the Rock Island Defendants knew the statements by the Trinity Defendants were false, or that they committed any other error in their investigation. Accordingly, as Gaskins has failed to show lack of probable cause in her arrest, this claim must be dismissed.

Finally, Gaskins brings an Equal Protection claim against the Rock Island Defendants. The Equal Protection Clause of the Fourteenth Amendment protects individuals from discriminatory administration and enforcement of the law. Jackson v. City of Moline, 2006 WL 1554075 (C.D. Ill. 2006). In a traditional Equal Protection claim, a plaintiff must allege that she has suffered disparate treatment based on her membership in a protected class, such as race, gender, or religion. Greer v. Amesqua, 212 F.3d 358, 370 (7th Cir. 2000). The Seventh Circuit also recognizes Equal Protection claims brought by a "class of one" when (1) the plaintiff alleges that she has been intentionally treated differently from others similarly situated and; (2) there is no rational basis for the difference in treatment or the defendant was motivated by discriminatory animus. McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004).

In this case, Gaskins is not a member of a protected class because she has not claimed that she was discriminated against based on her age, race, gender, religion, or national origin. See Washington v. Davis, 426 U.S. 229, 247 (1976). Contrary to Gaskins' assertions, her claims that she was treated differently because she is a rape survivor does not place her in a protected

class. Gaskins also fails to establish a "class of one" claim. She does not allege any facts from which the Court could infer that the Rock Island Defendants treated her differently than other similarly situated individuals or that the Rock Island Defendants intentionally singled her out because she was a rape survivor. As a result, the Rock Island Defendants' Motion to Dismiss Gaskins' Equal Protection claim is granted.

In her attempt to hold the City of Rock Island, the Rock Island Police Department, and the unnamed employees of the City of Rock Island liable under § 1983, Gaskins appears to rely on a respondeat superior thoery of liability. Specifically, Gaskins has not included any facts alleging that these defendants were personally involved in the incidents occurring on May 22, 2004. Accordingly, the Court presumes that Gaskins has included these unnamed persons and entities because they are supervisors of the police officers actually named in the complaint or are the entity that employs the named officers. Although there is no respondeat superior liability under § 1983, See Monell v. Dept. of Social Services, 436 U.S. 658 (1978), a municipality can be held liable under § 1983 if there is a showing of a law, policy or procedure intended to violate a person's constitutional rights. Id. Moreover, to be liable, supervisory officials must be personally involved in the constitutional deprivation, essentially directing or consenting to the challenged conduct. Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 614 (7th Cir. 2002).

In this case, Gaskins alleges constitutional violations that stem from a single incident involving only the named Rock Island police officers. Even under the notice pleading standard and the liberal interpretation given to pro se pleadings, there are no facts alleged in the complaint that indicate either personal involvement of the unnamed supervisory officials or a City policy causing the alleged constitutional deprivations. As Gaskins has failed to provide necessary

factual allegations to support a claim under § 1983, all of Gaskins's § 1983 claims against the City of Rock Island, the Rock Island Police Department, and the unnamed Rock Island officials are dismissed.

### b. Claim Under 42 U.S.C. § 1985

Section 1985 imposes liability on those who conspire to deprive others of equal protection of the laws. Hoagland v. Town of Clear Lake, Indiana, 344 F. Supp. 2d 1150, 1161 (7th Cir. 2004). The Seventh Circuit has ruled that under § 1985, a plaintiff must plead a conspiracy in addition to a class-based discriminatory animus behind the conspirators' action. Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002).

Gaskins's Equal Protection claim has been dismissed because she has not alleged that she is a member of a valid protected class or that class-based discrimination was the reason for the Rock Island Defendants conduct. See Washington, 426 U.S. at 247; McDonald, 371 F.3d at 1001. A valid Equal Protection claim is a necessary element for liability under § 1985. 42 U.S.C. § 1985; Wright v. Ill. Dept. of Children & Family Services, 40 F.3d 1492, 1507 (7th Cir. 1994). Accordingly, since Gaskins Equal Protection claim has been dismissed, her § 1985 claim must also be dismissed.

### c. Defamation and Intentional Infliction of Emotional Distress

Gaskins brings a defamation claim against the Rock Island Defendants. To establish a claim of defamation under Illinois law, a plaintiff must allege that (1) the defendants made a false statement concerning plaintiff; (2) defendants published the defamatory statement to a third party, and; (3) plaintiff was damaged as a result of the publication. Wynne v. Loyola Univ. of Chicago, 318 Ill. App. 3d 443, 451 (1st Dist. 2000).

It is difficult to tell exactly which group of Defendants Gaskins is accusing. Gaskins first alleges that the Defendants defamed her when they did not allow her to leave Trinity West's emergency room and attacked her. This would imply that she is accusing only the Trinity Defendants. However she goes on to say that both groups of Defendants "characterized Gaskins as a liar and as being psychotic pathetic [sic] and damaged her good name character and reputation as a citizen and rape survivor." Gaskins does not clearly allege that the Rock Island Defendants made any oral or written false statements. Neither does she show any publication of false statements concerning her, or how she was damaged at the hands of the Rock Island Defendants. Illinois is a fact-pleading jurisdiction and a plaintiff must allege facts essential to the cause of action under which recovery is sought. Welsh v. Commonwealth Edison Co., 306 Ill. App. 3d. 148, 155 (1st Dist. 1999). Given the lack of clarity, Gaskins has 14 days to amend her complaint to include the necessary factual allegations to state a claim for defamation. If Gaskins does not provide additional facts, this claim will be dismissed.

Gaskins also brings a claim of Intentional Infliction of Emotional Distress ("IIED") against the Rock Island Defendants. To state a cause of action under Illinois law for IIED, a plaintiff must allege that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew there was a high probability that the conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. Anast v. Commonwealth Apartments, 956 F. Supp. 792, 802-803 (N.D.Ill. 1997); Ruppel, 33 F. Supp. 2d at 726. Liability exists only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency. Anast, 956 F. Supp. at 803. When the allegations of a Plaintiff's

complaint do not meet the high threshold necessary to state a cause of action for IIED, the plaintiff's claims should be dismissed. Id. The Seventh Circuit has ruled held that even with liberal notice pleading standards, a plaintiff must show that the defendant's actions were objectively outrageous and the harm caused was very severe to survive a motion to dismiss. Schroeder v. Lufthansa German Airlines, 875 F.2d 613, 623 (7th Cir. 1989).

Here, Gaskins alleges that by arresting her the Rock Island Defendants actions were "outrageous" and "atrocious and utterly intolerable" and that she continues to suffer from extreme emotional distress as a result. The Rock Island Defendants arrested Gaskins after they took statements from the Trinity Defendants. As discussed above, it is not unreasonable for the Rock Island Defendants to arrest Gaskins after multiple individuals stated that Gaskins attacked them. If a defendant has a position of power, and he reasonably believed that his conduct was legitimate, his conduct is less likely to be found to be outrageous. McGrath v. Fahey, 533 N.E.2d 806, 810 (Ill. 1988). In addition, Gaskins does not specify (1) how she was specifically damaged, and; (2) whether the Rock Island Defendants intended to inflict severe emotional distress, or should have known that she would suffer severe emotional distress. Accordingly, Gaskins has 14 days to amend her complaint to clarify her accusations of IIED. If no additional facts are alleged, this claim will be dismissed.

For the reasons stated above, Gaskins's § 1985, § 1983 Equal Protection, and § 1983 False arrest claims are dismissed. Gaskins has 14 days to amend her § 1983 Due Process, defamation, and IIED claims. If Gaskins does not clarify each claim and allege additional facts for each claim, they will all be dismissed.

**2. Motion to Dismiss #22**

The Trinity Defendants move pursuant to 12(b)(6) to dismiss Gaskins's state law claims of medical negligence, defamation, and intentional infliction of emotion distress.

a. Medical Negligence

Trinity argues that Gaskins fails to comply with § 2-622 of the Illinois Code of Civil Procedure, which requires that an affidavit and certificate of merit be filed with the complaint for all actions of medical malpractice. § 2-622 provides that in a medical malpractice claim, a Gaskins must file an affidavit as to each defendant that indicates that she has consulted with a qualified health professional who has reviewed her claim and provided a written report that the claim is reasonable and meritorious. If the complaint does not contain the necessary certification, it must be dismissed. 735 Ill. Comp. Stat. Sec. 5/2-622(g); Hull v. Southern Ill. Hospital Services, 356 Ill.App.3d 300 (Ill.Ct.App. 2005).

In the instant case, Gaskins has not filed any affidavit written by a health professional. Nor is there any evidence that Gaskins visited a health professional to obtain the proper documentation. § 2-622 is designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage. Cuthbertson v. Axelrod, 282 Ill.App.3d 1027, 1034 (1st Dist. 1996). Accordingly, Gaskins's medical malpractice claim is dismissed.

b. Defamation and Intentional Infliction of Emotional Distress

To establish a claim of defamation under Illinois law, a plaintiff must allege that (1) the defendants made a false statement concerning plaintiff; (2) defendants published the defamatory statement to a third party, and; (3) plaintiff was damaged as a result of the publication. Wynne v. Loyola Univ. of Chicago, 318 Ill. App. 3d 443, 451 (1st Dist. 2000). A statement is defamatory

if it tends to harm the reputation of another by lowering that person in the eyes of the community or deterring third persons from associating with her. Van Horne v. Muller, 705 N.E.2d 898, 903 (Ill. 1999). Certain defamatory statements are actionable *per se* due to their obvious harmful effect on the plaintiff's reputation. Id. Illinois law recognizes five categories of statements that are defamatory *per se*, including statements imputing the commission of a criminal offense. Id.

Here, Gaskins alleges that the Trinity Defendants made false statements when they told the Rock Island police that Gaskins attacked them. These false statements led to Gaskins' arrest. In light of the established legal standard in Illinois, Gaskins has successfully plead a claim for defamation. Gaskins alleges (1) that the Trinity Defendants made false statements regarding her; (2) the Trinity Defendants told the Rock Island police that Gaskins assaulted them and; (3) Gaskins was damaged in that she was arrested because of the Trinity Defendant's false claim. Although the truth of the Trinity Defendants statements has not been determined, Gaskins has alleged sufficient facts to state a claim for defamation. Therefore Trinity Defendant's Motion to Dismissed her defamation claim is denied.

The Trinity Defendants also move to dismiss Gaskins's claim for IIED. Gaskins appears to claim that the Trinity Defendants engaged in outrageous conduct when they attacked and detained her. Gaskins also claims that the Trinity Defendants knew she was a rape survivor. However, Gaskins does not make it clear that the Trinity Defendants knew this before they detained her. In addition, aside from asserting that she suffered damage to her "personal private life", Gaskins has failed to indicate what damage she specifically suffered. Although the facts are lacking on this claim, it is possible that Gaskins could prove facts showing that she suffered IIED at the hands of the Trinity Defendants. Accordingly, Gaskins has 14 days to amend her

complaint to include sufficient and clear facts showing she suffered specific damages and that the Trinity Defendants intended to cause emotional distress, or should have known she was susceptible to emotional distress. If Gaskins does not include new facts, this claim will be dismissed.

For the reasons stated above, Gaskins's Medical Negligence claim is dismissed. The Trinity Defendant's Motion to Dismiss Gaskins's Defamation claim is denied. Gaskins has 14 days to amend her IIED claim.

**B. Trinity's Motion for Summary Judgment on Gaskins's § 1983 Claim.**

A court will grant summary judgment if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP Rule 56(c). When reviewing a motion for summary judgment, the court is required to examine the facts in a light most favorable to the non-moving party. McGreal v. Ostrov, 368 F.3d 657, 672 (7th Cir. 1999). Summary judgement is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003).

As stated above, § 1983 imposes liability only where a person acts under the color of state law. 42 U.S.C. § 1983. Under § 1983, a private individual can be held liable only where the state has exercised coercive power, or has provided such significant encouragement, that the action must be deemed to be that of the state. Anast, 956 F.Supp. at 797.

Trinity Medical Center is a private, not-for-profit organization. Consequently, all Trinity defendants are private actors under the rubric of § 1983. In this Circuit, it is established that hospital employees, including security guards, are exempt from liability under § 1983 where

they detain a patient without the assistance or encouragement of state authorities. Copeland v. Northwestern Memorial Hosp., 964 F.Supp. 1225, 1238 (N.D.Ill. 1997); Ruppel, 33 F. Supp. 2d. at 727 (holding that plaintiff could not maintain a § 1983 claim against hospital employees where plaintiff was interrogated by doctors and detained by a security guard prior to police involvement). In Copeland, the plaintiff voluntarily went to the hospital's emergency room where a nurse and doctor interrogated plaintiff regarding his involvement in a bank robbery. Copeland, 964 F.Supp. at 1238. The plaintiff was then placed in a locked observation room and eventually handed over to the authorities. The Court found that the actions of the hospital staff did not constitute state action. Id.

In the instance case, Gaskins made a visit to the Trinity Emergency Room where she was then detained by Trinity employees prior to her being handed over to the Rock Island Police. Gaskins offers no evidence—in either her complaint or her Motion in Opposition of Summary Judgment—that Trinity employees were coerced or encouraged by the state authorities. Merely calling the police does not constitute state action. Breaston v. Elkhart Police Dept., 2006 WL 1520639 (N.D. Ind. 2006). Gaskins alleges in her complaint that Goossens told her he was a sheriff deputy prior to her detainment. However Goossens submitted an affidavit stating that he was not employed by the State of Illinois or any other federal, state or local government entity. Statements or indications of opinion or belief offered without any factual support are insufficient to create a genuine issue of fact. Cusson-Cobb v. O'Lessker, 953 F.2d 1079, 1081 (7th Cir. 1992). This rule requires that an assertion of the general truth of a matter requires affidavits that cite specific concrete facts establishing the truth of the matter asserted. Hadley v. County of DuPage, 715 F.2d 1238, 1243 (7th Cir. 1983). Notably, all of the Trinity defendants submitted

affidavits stating that they were not employed or connected to any State or federal government entity. In her response Gaskins did not offer any evidence to establish a contrary result. Accordingly, Gaskins has failed to demonstrate a genuine issue of material fact. Therefore, as private actors, Defendants are entitled to Summary Judgment on this claim.

## CONCLUSION

For the reasons stated above, the Rock Island Defendants' Motion to Dismiss [#16] is granted in part and denied in part. Gaskins's § 1983 Equal Protection, § 1983 False Arrest, and § 1985 claim are dismissed. To the extent that Gaskins has additional facts supporting her § 1983 Due Process, defamation, and IIED claims against the Rock Island Defendants, the Court grants her 14 days to amend her complaint to include such facts. A failure to amend her complaint to include additional facts will result in her claims being dismissed.

The Trinity Defendants' Motion to Dismiss [#22] Gaskins's complaint is granted in part and denied in part. Gaskins's Medical Negligence claim is dismissed. Additionally, Gaskins's IIED and Defamation claims remain pending. However, to the extent that Gaskins has additional facts supporting her IIED claim against the Trinity Defendants, the Court grants her 14 days to amend her complaint to include such facts. A failure to amend her complaint to include additional facts will result in her IIED claim being dismissed. Once Gaskins has amended her complaint, the Defendants will have 14 days to answer or otherwise plead.

The Trinity Defendants' Motion for Summary Judgment [#26] is granted.

ENTERED this 27th day of June, 2006.

                                                s/ Michael M. Mihm
                                                 Michael M. Mihm
                                                 United States District Judge