UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ELIZABETH L. GASKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4081 |
| ) | |
| THE CITY OF ROCK ISLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is now before the Court on two Motions to Dismiss Plaintiff's Amended Complaint. The first Motion to Dismiss was filed by The City of Rock Island, Illinois, the Rock Island Police Department, Officers J.M. Sisler, D.R. Hicks, D.J. Perry, and Detective Leo Hoogerwerf (the "Rock Island Defendants"). The second Motion to Dismiss was filed by Raymond Goossens, Todd Whiting, Keith Butvilas, M.D., and Stephanie Sutton, R.N. (the "Trinity Defendants"). For reasons set forth below, the Rock Island Defendants' Motion to Dismiss [#42] is GRANTED, and the Trinity Defendants' Motion to Dismiss [#43] is also GRANTED.

BACKGROUND

On December 20, 2005, pro se Plaintiff filed her original Complaint and, with the Court's permission, proceeded in forma pauperis. Plaintiff has filed her Complaint against two groups of defendants and alleges various forms of misconduct arising from an incident at the Trinity West Medical Center in Rock Island, Illinois. The first group of defendants (the "Rock Island Defendants") includes the City of Rock Island, the Rock Island Police Department, and four

individual officers of the Rock Island Police Department. The second group of defendants (the "Trinity Defendants") includes two hospital security guards, a doctor, and a nurse who work at Trinity West.

In the spring of 2006, both the Rock Island Defendants and the Trinity Defendants filed separate Motions to Dismiss Plaintiff's Complaint, pursuant to 12(b)(6), for a failure to state a claim for which relief can be granted. The Trinity Defendants also filed a Motion for Summary Judgment on Plaintiff's § 1983 claims against them, arguing that they are not state actors and therefore cannot be liable under § 1983. On June 27, 2006, this Court entered an Order granting the Trinity Defendants' Motion for Summary Judgment, and granting in part and denying in part both Motions to Dismiss. Specifically, with respect to the Rock Island Defendants, Plaintiff's § 1983 Equal Protection, § 1983 False Arrest, and § 1985 claims were dismissed; the Court granted Plaintiff 14 days to amend her Complaint to plead additional facts that might support her § 1983 Due Process, defamation and intentional infliction of emotional distress ("IIED") claims against the Rock Island Defendants. With respect to the Trinity Defendants, Plaintiff's medical negligence claim was dismissed; the Court found that the Plaintiff had alleged sufficient facts to support a claim of defamation, and granted Plaintiff 14 days to amend her Complaint to plead additional facts that might support her IIED claim against the Trinity Defendants.

On July 24, 2006, Plaintiff filed a state court transcript, identifying it as a "Motion to Amend/Correct Complaint." On July 27, the Court mooted this improper pleading and ordered the Plaintiff to filed a proper amended complaint on or before August 3. The Court's Order instructed Plaintiff that a failure to file a proper complaint on or before August 3 would "result in the Court dismissing Plaintiff's claims for lack of prosecution."

On August 3, Plaintiff filed a "Motion to Amend Complaint with Appointment of Counsel." On August 10, the Court again mooted Plaintiff's pleading because the Court had already granted Plaintiff leave to amend her Complaint, and her previous request for appointment of counsel had already been denied twice. However, because Plaintiff was proceeding pro se, the Court granted her "one last opportunity" to file a proper amended complaint on or before August 24. Again, the Court's order instructed Plaintiff that a failure to file a proper complaint on or before August 23 would "result in the Court dismissing Plaintiff's claims for lack of prosecution."

On August 24, Plaintiff filed a document titled "Motion to Amend Complaint." The pleading is extremely difficult to understand and contains a "Statement of Material Facts," an "Issues" section, and an "Argument" section.

On August 30, the Rock Island Defendants filed their "Motion to Dismiss Amended Complaint," arguing that Plaintiff's August 24 pleading does not conform to Federal Rule of Procedure 10(b) which requires that "[a]ll averments of claim" in a pleading "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." The Rock Island Defendants also argue that the Amended Complaint is vague, confusing, and nearly impossible to respond to as it does not clearly allege which participants committed which acts that purportedly violated her rights.

On September 6, the Trinity Defendants also filed a Motion to Dismiss Plaintiff's "Motion to Amend Complaint." The Trinity Defendants first move for involuntary dismissal, pursuant to Federal Rule of Civil Procedure 41(b), due to Plaintiff's failure to comply with the Court's Orders requiring her to file a proper amended complaint. In the alternative, the Trinity Defendants move to dismiss Plaintiff's pleading under Rule 10(b) for Plaintiff's failure to

separate her allegations into numbered paragraphs.  In further alternative, the Trinity Defendants argue that "to the extent that Plaintiff's Motion to Amend is construed to be an amended complaint," it should be dismissed, pursuant to Rule 12(b)(6), because Plaintiff has again failed to state a claim upon which relief can be granted for her IIED claims against the Trinity Defendants.

On September 6, the Clerk sent a letter to Plaintiff informing her that a case-dispositive motion had been filed.  The letter states,

> [p]lease be advised that you have fourteen (14) days from the date of filing to respond to the motion.  If you do not respond, the motion, if appropriate, shall be granted and the case will be terminated without a trial. . . . Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed.

Despite this warning, the Plaintiff has failed to respond to either pending Motions to Dismiss.

## DISCUSSION

In resolving a motion to dismiss, the court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party.  *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993).  In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint.  *Conley v. Gibson,* 355 U.S. 41, 45 46 (1957).  This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Chaney v. Suburban Bus. Div* ., 52 F.3d 623, 627 (7th Cir. 1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp* ., 987 F.2d 429, 432 (7th Cir. 1993).  Further, Local Rule 7.1(B) provides that if any party fails to respond to a motion before the court, "the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."

Here, Plaintiff's fourteen days to respond to the Rock Island Defendants' Motion to Dismiss lapsed on September 13.  Plaintiff's fourteen days to respond to the Trinity Defendants'

Motion to Dismiss lapsed on September 20.  Mindful of Plaintiff's pro se status, the Court has repeatedly advised Plaintiff throughout this litigation of the possible consequences of a failure to properly prosecute her case.  Further, the Clerk's September 6 letter was an explicit warning to Plaintiff that her case could be dismissed if she did not respond to the pending Motions to Dismiss.

As of this date, Plaintiff has made no attempt to file a proper response to either Motion or request an extension of time in which to do so.  Accordingly, the Court deems both Motions to Dismiss unopposed pursuant to Local Rule 7.1(B), and now finds that both Motions will be granted.  Therefore, pursuant to Federal Rule 41(b), Plaintiff's case is dismissed without prejudice for a failure to prosecute.

## CONCLUSION

For the reasons set forth above, the Rock Island Defendants' Motion to Dismiss [#42] is GRANTED, and the Trinity Defendants' Motion to Dismiss [#43] is also GRANTED.  This matter is now DISMISSED WITHOUT PREJUDICE for failure to prosecute.

ENTERED this 29th day of September, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge